## SUPREME COURT.

TOWNSEND B. BALDWIN agt. JOHN BERRIAN.

*Answer — Counter-claim — Demurrer to answer.*

Where the answer sets up by way of counter-claim certain transactions of
plaintiffs with the defendant and his copartner, who is not a party to
the action, a demurrer to the answer will be sustained.

*Special Term,* 1877.

THE action is upon a prommissory note for $3,224.94,
made by defendant to order of Baldwin & Kimball, the
plaintiffs. The answer set up, among other things, by way
of counter-claim, that the plaintiffs had certain transactions
with the defendant and his copartner, Briggs, who was not a
party to the action, in which the plaintiffs made certain
usurious charges against such firm, which amounted in the
aggregate to $1,365.65, half of which defendant claimed was
due him, and entered into and constituted part of the con-
sideration of the note.

*E. B. Cowles,* for plaintiff.

*H. Y. Cummins,* for defendant.

VAN BRUNT, *J.* — The demurrer to that part of the
answer which seeks to set up, as a counter-claim to the
cause of action alleged in the complaint, causes of action
arising out of transactions between the plaintiff and the
firm of Berrian & Briggs must be sustained for the rea-

Baldwin agt. Berrian.

sons stated in the case of *Baldwin* agt. *Briggs* (*Ante*, p. 80).
The defendant would undoubtedly, as matter of defense,
have the right to show . that any portion of the whole of
the consideration of the note in suit had been made up,
upon a balancing of the account between the plaintiffs
and the firm of Berrian & Briggs, of his share of an alleged
indebtedness from Berrian & Briggs to the plaintiffs, which
indebtedness consisted of illegal exactions of interest duly
specified, and in payment of which the note in suit was given.
The answer, however, wholly fails to allege any balancing of
accounts or the separation of the defendant's and Briggs'
indebtedness to the plaintiff, or that the same was given in
payment therefor as far as that part of the answer demurred
to is concerned.   The demurrer is, therefore, sustained, with
leave to defendant to amend upon payment of costs.